UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KORY KANE ALI BEY, | ) | CASE NO. 1:16 CV 532 |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| JOHN J. RUSSO, Judge, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

On March 4, 2016, Plaintiff *pro se* Kory Kane Ali Bey filed this action for money damages against Defendant Cuyahoga County Court of Common Pleas Judges John J. Russo and Shannon M. Gallagher. Plaintiff, who refers to Defendants as "lien debtors" in the Complaint, does not set forth intelligible allegations or claims for relief.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts to show that either of these criteria could be met in this case.

Indeed, even liberally construed, the Complaint does not contain allegations remotely suggesting Plaintiff might have a valid federal claim, *see, Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), and the Court finds this case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(complaint may be summarily dismissed when claim is not arguably plausible); *see also, Metzenbaum v. Nugent*, 55 Fed.Appx. 729 (6th Cir. Feb. 3, 2003); *Forbush v. Zaleski*, 20 Fed.Appx. 481 (6th Cir. Sept. 26, 2001).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE